James W. Hunt, SBN 122582
Darrell M. Padgette, SBN 199382
**FITZPATRICK & HUNT,**
**TUCKER, COLLIER, PAGANO, AUBERT, LLP**
633 West Fifth Street, 60th Floor
Los Angeles, CA 90071
(213) 873-2100
(213) 873-2125 Fax

Attorneys for Defendants,
UNITED TECHNOLOGIES CORPORATION and
PRATT & WHITNEY ENGINE SERVICES, INC.



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY J. JONES, et. al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>UNITED TECHNOLOGIES<br>CORPORATION, et. al.,<br><br>    Defendants. | Case No. CV12-10991-DMG(PJWx)<br><br>Judge: Dolly M. Gee<br><br>**STIPULATION AND**<br>**[PROPOSED] PROTECTIVE**<br>**ORDER** |

Pursuant to California Federal Rule of Civil Procedure 26(c), the parties hereto agree to a Protective Order ("Order") governing the disclosure during pretrial discovery and the subsequent handling of highly sensitive and confidential information as follows:

## 1.    **PURPOSES AND LIMITATIONS**

1.1    **Scope.** This Protective Order shall apply to proceedings and discovery in the following cases: *Kimberly J. Jones and Ivan Quiles, individuals, v. United Technologies Corporation, a Delaware corporation; Pratt & Whitney Engine Services, Inc., a Delaware corporation; Delta Air Lines, Inc., a Delaware*

1    *corporation; and Does 1 through 50, inclusive,* Case No. CV12-10991-DMG

2    (PJWx), pending in the United States District Court for the Central District of

3    California, removed from the Superior Court of California, County of Los Angeles,

4    Case No. BC492848.

5          **1.2  Need.**  This case arises from a September 30, 2011, left engine

6    malfunction of Delta Air Lines Flight DL-2364. The parties anticipate that they will

7    engage in extensive discovery regarding, among other things: (1) the design and

8    manufacture of the subject engine and certain of its components and systems

9    (hereafter, the "Engine"), (2) manuals, technical specifications, engineering

10   recommendations, and other technical documents related to the Engine and Delta Air

11   Lines' ground and flight operations, (3) design drawings and other design data,

12   (4) maintenance, inspection, and repairs of the subject Engine, and (5) plaintiffs'

13   damages, as reflected in, *inter alia*, employment and medical records and other

14   private documents.

15         Discovery concerning these and other topics will necessitate the disclosure of

16   what each party contends is confidential and sensitive information, such as trade

17   secrets, financial information, and plaintiffs' medical and employment records.

18   Prior to production, no party can effectively evaluate the claims of the other as to the

19   need for protection. Thus, a means that enables the production of documents at least

20   to the point of evaluating the asserted need for protection, as well as an order

21   specifying how such documents need to be treated is required in this case.

22   Moreover, pursuant to the terms of this Order, any document designated as

23   confidential where that designation is disputed can be identified as such and the

24   matter submitted to the Court for resolution.

25         In essence, in the absence of this Order, the Court would have to evaluate

26   innumerable documents individually, and this task would likely severely burden the

27   Court's processes and slow discovery. As to those documents that are entitled to

28

PROPOSED PROTECTIVE ORDER
CASE NO. CV12-10991-DMG(PJWx)

protection, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of the parties or of third parties. A protective order is thus needed in this action to enable the documents to be evaluated and to protect against unauthorized disclosure of confidential information and to ensure that such information will be used only for purposes of this action. A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection.

1.3    **Application**. This Order shall govern any information produced in this litigation by any party or third party, in any form (including, but not limited to, documents, magnetic media, answers to interrogatories, responses to documents demands, responses to requests for admissions, and deposition testimony and transcripts), when the party producing the information reasonably believes that the information to be produced contains private, proprietary, sensitive, trade secret, non-public financial or medical information. Documents, or portions thereof, that are considered confidential may be so designated by marking them, in their entirety, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as hereinafter provided for in this Order.

1.4    **Limitations.** The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that this Order creates no entitlement to file "CONFIDENTIAL" documents under seal; that Local Rules 79-5 *et. seq.* set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

///

## 2.   DEFINITIONS

2.1   **Confidential Information**. "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to medical information, proprietary information, trade secrets, non-public commercial, financial, pricing, budgeting and/or accounting information, non-public information about existing and potential customers, marketing studies, performance and projections, non-public business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships. Confidential Information may be contained in the following types of documents: medical records, personal documents such as diaries, insurance, training records, personnel records, manuals, contracts, correspondence, e-mails, blueprints, specifications, drawings, engineering notes, production documents, test reports, certification related documents, meeting minutes, meeting notices, presentation documents, and other types of documents relating to the design, manufacture, performance, sale, maintenance, and/or use of commercial or military aircraft.

For purposes of this section, "trade secrets" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

For purposes of this section, "HIGHLY CONFIDENTIAL" information includes a limited subset of Confidential Information that contains or discloses materials which the Producing Party in good faith believes to be of a sufficiently high degree of commercial sensitivity and/or which would result in competitive injury if disclosed.

**2.2** **Documents**.  As used herein, the term "documents" includes all "writings" and "recordings" as those terms defined in Federal Rule of Evidence 1001, as well as, all video-graphic representations of any kind and all other data compilations from which information can be obtained, and other tangible things subject to production under the Federal Rules of Civil Procedure.

**2.3** **Designating Party**.  The "Designating Party" is the party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**2.4** **Producing Party**.  A "Producing Party" is the party or non-party that produces documents in this action.

**2.5** **Receiving Party**.  A "Receiving Party" is the party that receives documents from a Producing Party.

**3.** **INITIAL DESIGNATION**

**3.1** **Produced Documents**.  A party producing documents that it believes in good faith constitute or contain Confidential Information shall produce copies bearing a label that contains (or includes) language substantially identical to the following:

**CONFIDENTIAL**

**Subject to Protective Order in**

**Case No. CV12-10991-DMG (PJWx)**

If the party producing documents believes in good faith that disclosure of the information contained in the documents to one or more parties would result in competitive injury or otherwise compromise privacy rights the producing party may mark such documents or things as follows:

**HIGHLY CONFIDENTIAL**

**Subject to Protective Order in**

**Case No. CV12-10991-DMG (PJWx)**

These labels shall be affixed in a manner that does not obliterate or obscure the contents of the copies. Claims of confidentiality will be made only with respect to documents to which the asserting party has a good faith belief are legally entitled to protection from discovery and disclosure under Federal Rule of Civil Procedure 26(c) and applicable case law.

If it comes to the Designating Party's attention that information or items that it designated for protection do not qualify for the asserted protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2    **Interrogatory Answers**. If a party answering an interrogatory believes that its answer contains Confidential Information, it shall set forth its answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.1. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

3.3    **Inspections of Documents**. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information need be made in advance of the inspection. For purposes of such inspection, all material inspected shall be considered as Confidential Information. If the inspecting party selects specified documents to be copied, the Producing Party shall designate Confidential Information in accordance with subparagraph 3.1 at the time the copies are produced.

3.4    **Deposition Transcripts**. After the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript

(including exhibits) that it wishes to designate as Confidential Information. The entire deposition transcript (including exhibits) shall be treated as Confidential Information for twenty-one (21) days after receipt. If no designation is made within twenty-one (21) days of receipt, the deposition transcript shall not be considered as Confidential Information. All parties in possession of a copy of a designated deposition transcript shall mark the front of each copy of the transcript with: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If all or part of a videotaped deposition is designated as confidential, the videocassette, DVD, and the containers shall also be marked as containing Confidential Information.

3.5 **Multi-page Documents**. A party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 3.1 on each page of the document containing Confidential Information.

3.6 **Electronic Data.** "Electronic data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes). Counsel for the Producing Party will designate Electronic Data as "CONFIDENTIAL" in a cover letter identifying the information generally. When feasible, counsel for the Producing Party will also mark the electronic or magnetic media with the appropriate designation. Whenever any party to whom Electronic Data designated as Confidential Information is produced reduces such material to hardcopy form, such party shall mark the hardcopy form with the label specified in subparagraph 3.1. Whenever any Confidential Information Electronic Data is copied into another file, all such copies shall also be

1    marked "CONFIDENTIAL or "HIGHLY CONFIDENTIAL."

2         To the extent that any party or counsel for any party creates, develops or
3    otherwise establishes on any digital or analog machine-readable device, recording
4    media, computers, discs, networks or tapes any information, files, databases or
5    programs that contain information designated "CONFIDENTIAL" or "HIGHLY
6    CONFIDENTIAL" that party and its counsel must take all necessary steps to ensure
7    that access to that electronic or magnetic media is properly restricted to those
8    persons who, by the terms of this Order, may have access to Confidential
9    Information.

10        3.7    **Inadvertent Failures to Designate**. If a Producing Party inadvertently
11   fails to stamp or otherwise appropriately designate certain documents upon their
12   production, it may thereafter designate such documents as "CONFIDENTIAL" or
13   "HIGHLY CONFIDENTIAL" or by promptly giving written notice to all parties
14   that the material is to be so designated.  Such written notice shall identify with
15   specificity the information or documents the Producing Party is then designating to
16   be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material.  If the Producing
17   Party gives such written notice as provided above, their claims of confidentiality
18   shall not be deemed to have been waived by failure to designate properly the
19   information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to
20   disclosure.  Upon receipt of written notice as provided for herein, the Receiving
21   Party shall then stamp or otherwise mark the original and all known copies of the
22   documents with the proper designation as described above.   In addition, the
23   Receiving Party shall use its best efforts to ensure that the information that was
24   inadvertently disclosed is thereafter restricted to only those persons entitled to
25   receive "CONFIDENTIAL" information under the terms set forth herein.

26   4.    **DESIGNATIONS BY ANOTHER PARTY**

27        4.1    **Notification of Designation**.  If a party other than the Producing Party
28   believes that a Producing Party has produced a document that contains or constitutes

Confidential Information of the non-Producing Party, the non-Producing Party may designate the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by so notifying all parties in writing by facsimile within sixty (60) days of service of the document.

4.2 **Return of Documents; Non-disclosure.** Whenever a party other than the Producing Party designates a document produced by a Producing Party as Confidential Information in accordance with subparagraph 4.1, each party receiving the document shall either add the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designations in accordance with subparagraph 3.1 or substitute a copy of the document bearing that designation in accordance with subparagraph 3.1 for each copy of the document produced by the Producing Party. Each party shall destroy all undesignated copies of the document or return those copies to the Producing Party, at the direction of the Producing Party. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information under subparagraph 7.1, until after the expiration of the sixty (60) day designation period specified in subparagraph 4.1. If during the sixty (60) day designation period, a party discloses a produced document to a person authorized to receive Confidential Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the Producing Party, at the direction of the Producing Party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information by the Designating Party, in accordance with subparagraph 7.1.

5. **OBJECTIONS TO DESIGNATIONS**

A party is not obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made, and failure to do so will not preclude a subsequent challenge thereto. In the event that a party disagrees

at any stage of this litigation with a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that party shall notify the Designating Party in writing of the disagreement.  The objecting party and the Designating Party shall promptly confer in an attempt to resolve their differences.  If the Designating Party and objecting party are unable to resolve their differences, the objecting party shall have twenty-one (21) days from the date of notifying the Designating Party of the objection to file a motion seeking the Court's ruling on whether the information should remain designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The contested material shall be lodged with the Court under seal, consistent with Local Rule 79-5.1.  The burden of proving that the information has been properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" based on the standards for such designations set forth herein, is on the Designating Party.

All documents initially designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall continue to be subject to this Order unless and until the Court rules otherwise.  If the objecting party elects not to make a motion for a clarifying ruling with respect to whether documents should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL it shall be deemed to have withdrawn its objection.

## 6.    CUSTODY

During the pendency of this litigation (including any appeals) and for ninety (90) days after the conclusion of this litigation, all Confidential Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the Receiving Party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1, or by the Judge and Jury.  Paragraph 9 addresses in more detail handling of Confidential Information after the conclusion of this litigation.

///

7.      **HANDLING PRIOR TO TRIAL**

7.1     **Authorized Disclosures**

7.1.1  Materials designated "CONFIDENTIAL" shall only be disclosed to the following persons.

a.      Attorneys appearing as counsel of record in these proceedings and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

b.      Counsel's third-party consultants and independent experts (and their agents and employees) who are employed for the purposes of this litigation;

c.      Parties to this litigation, limited to the named party and if that party is a corporate entity, those officers, directors, employees, in-house counsel, and insurers whose assistance is required for purposes of the litigation and who must have access to the materials to render such assistance;

d.      Any deponent, during his or her deposition, who is the Designating Party or a current employee or member of the Designating Party (or any person who prepared or assisted directly in the preparation of the CONFIDENTIAL material);

e.      Any other deponent as to whom there is a legitimate need to disclose particular materials for purposes of identifying or explaining it or refreshing recollection;

f.      Fact witnesses or potential percipient witnesses at or in preparation for deposition or trial;

g.      Outside vendors employed by counsel for copying, scanning and general handling of documents;

h.      Persons or entities that provide litigation support services in connection with the taking of depositions, including necessary stenographic, videotape, and clerical personnel; and

i.      The Court and Court's Staff to whom materials are submitted as

evidence or in connection with a motion or opposition thereto, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to prosecute or defend this litigation. Information designated as "CONFIDENTIAL" shall not be disclosed to persons described in Paragraphs 7.1.1(b), 7.1.1(e), or 7.1.1(f) unless and until such persons are provided a copy of this Protective Order, represent that they have read and understand the provisions of this Order, are advised by the disclosing counsel that they are bound by the provisions of this Protective Order and execute an Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto as Exhibit A. The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

7.1.2   Materials designated "HIGHLY CONFIDENTIAL" shall only be disclosed to the following persons.

a.   Attorneys appearing as counsel of record in these proceedings and personnel who are directly employed by such counsel and who are actively assisting in the preparation of this litigation;

b.   Counsel's third-party consultants and independent experts (and their agents and employees) who are employed for the purposes of this litigation and who are not employees of, consultants, to, or otherwise affiliated with any competitor of the Designating Party, but only on a need-to-know basis in order to assist his/her/its counsel of record in the conduct of this litigation; provided, however, that such persons may retain Highly Confidential information only as long as is necessary to provide such assistance. Before disclosing HIGHLY CONFIDENTIAL information to a Receiving Party's consultants and/or

1  independent experts (and their agents and employees), counsel for the Receiving

2  Party must confirm that said consultant and/or independent expert is not a

3  competitor of the Designating Party of the HIGHLY CONFIDENTIAL information

4  and if there is any doubt or uncertainty, counsel for the Receiving Party must contact

5  counsel for the Designating Party of the HIGHLY CONFIDENTIAL information to

6  determine whether the consultant or independent expert is not an employee of,

7  consultant, to, or otherwise affiliated with any competitor of the Designating Party;

8          c.    Stenographic reporters and/or certified videotape operators

9  engaged in pretrial discovery; provided, however, that such persons may retain

10  HIGHLY CONFIDENTIAL information only as long as is necessary to perform

11  such engagement; and

12          d.    The Court and Court's Staff to whom materials are submitted as

13  evidence or in connection with a motion or opposition thereto, subject to the Court's

14  processes for filing materials under seal.

15      Such disclosures are authorized only to the extent necessary to prosecute or

16  defend this litigation.   Information designated as "HIGHLY CONFIDENTIAL"

17  shall not be disclosed to persons described in Paragraph 7.1.2(b) unless and until

18  such persons are provided a copy of this Protective Order, represent that they have

19  read and understand the provisions of this Order, are advised by the disclosing

20  counsel that they are bound by the provisions of this Protective Order and execute an

21  Agreement of Confidentiality ("Confidentiality Agreement") in substantially the

22  form attached hereto as Exhibit A.   The originals of such Confidentiality

23  Agreements shall be maintained by the counsel who obtained them until the final

24  resolution of this litigation.  Confidentiality Agreements and the names of persons

25  who signed them shall not be subject to discovery except upon agreement of the

26  parties or further order of the Court after application upon notice and good cause

27  shown.

28  ///

7.1.3 Nothing in this Protective Order shall prohibit a party or its counsel from disclosing "CONFIDENTIAL" or HIGHLY CONFIDENTIAL MATERIAL" material to (a) the person(s) who authored the document or material; (b) persons who previously received the document or material or a copy thereof not in violation of this Order; (c) persons employed by the Producing Party; or (d) any other person or entity, provided that, with respect to that person or entity, the Producing Party and Producing Party's counsel first approve such disclosure in writing.

7.2   **Additional Protection.**   If a Designating Party believes that the disclosure and handling procedures provided for in this Order are not sufficient because certain material is extremely sensitive, the Designating Party shall inform the other parties to the litigation and attempt to reach an agreement on the handling of the material.  If the parties cannot reach an agreement, the Designating Party may file a motion with the court for a more restrictive order.  Such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement.

7.3   **Unauthorized Disclosures.**  If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the Designating Party.   Without prejudice to other rights and remedies of the Designating Party, the responsible party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7.4   **Court Filings.**  In the event any Confidential Information must be filed with the Court prior to the trial, the proposed filing shall comply with Local Rule 79-5.1 regarding filing under seal.

### 8.   **HANDLING DURING TRIAL**

Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions as imposed by the trial court upon application by the Designating Party.

### 9.   **HANDLING AFTER DISPOSITION**

Within 90 days of the conclusion of this litigation (including any appeals), the Designating Party may request that any or all Confidential Information be returned to the Designating Party.  After receiving a request to return, the Receiving Party at its option may destroy Confidential Information instead of returning it to the Designating Party, but must so notify the Designating Party.  The request for return shall specifically identify the documents or things to be returned if return of less than all Confidential Information is requested.  The attorney for the Receiving Party shall collect, assemble and return within 60 days all such Confidential Information, including all copies and extracts thereof in the possession of the Receiving Party, its counsel or other authorized recipients, but not including copies, extracts or summaries that contain or constitute attorney work product.  If such work product is retained, however, the Confidential Information contained therein will continue to be controlled by this Protective Order.  Receipt of returned Confidential Information shall be acknowledged in writing if such an acknowledgment is requested.

### 10.   **USE OF CONFIDENTIAL INFORMATION**

Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending or settling this litigation.  In no event shall Confidential Information be used for any business, competitive, personal, private, public or other purpose, except as required by law.  Documents that are to be protected under this Stipulated Protective Order contain information which the parties contend is confidential including research, development, and commercial information that is valuable in the parties' respective businesses.  In this case, the good cause for keeping these documents confidential

1   includes the need to preserve the parties' current and/or future competitive
2   advantage. If third parties gain access to the confidential information, the parties'
3   businesses would suffer specific prejudice or harm because their competitive
4   advantage would be compromised or lost. This finding of prejudice is made for the
5   purpose of complying with <u>Foltz v. State Farm Mutual Automobile Ins. Co.</u>, 331
6   F.3d 1122 (9th Cir. 2003).

7       11.   **NO IMPLIED WAIVERS**

8       The entry of this Order shall not be interpreted as a waiver of the right to
9   object, pursuant to the Federal Rules of Civil Procedure, to the furnishing of
10  information in response to discovery requests or to object to a requested inspection
11  of documents or facilities. Neither the agreement to, nor the taking of any action in
12  accordance with the provisions of this Protective Order, nor the failure to object
13  thereto, shall be interpreted as a waiver of any claim or position or defense in this
14  action, or any other actions.

15      12.   **MODIFICATION**

16      In the event any party hereto seeks a Court order to modify the terms of this
17  Order, said party shall make such request by written stipulation or noticed motion to
18  all parties that must be served and filed in accordance with local court rules.

19      13.   **CARE IN STORAGE**

20      Any person in possession of Confidential Information produced by another
21  party shall exercise reasonable and appropriate care with regard to the storage,
22  custody, copying, and use of the Confidential Information to ensure that the
23  confidential and sensitive nature of same is maintained.

24      14.   **NO ADMISSION**

25      Neither this Order nor the designation of any item as "CONFIDENTIAL" or
26  "HIGHLY CONFIDENTIAL" shall be construed as an admission that such material,
27  or any testimony concerning such material, would be admissible in evidence in this
28  litigation or in any other proceeding.

### 15.   NO APPLICATION

Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that: (a) at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or (b) at the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available.  Furthermore, nothing in this Order shall preclude any party to this Order from disclosing or using any information or documents not obtained pursuant to discovery, even though the same information or documents may have been produced by a party and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material.

### 16.   INADVERTENT PRODUCTION

Nothing in this Order abridges applicable law concerning inadvertent production of a document that the Producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information.

### 17.   PARTIES' OWN DOCUMENTS

This Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Order shall preclude any party from voluntarily disclosing its own documents or information to any party or non-party.

### 18.   NO EFFECT ON OTHER RIGHTS

This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

### 19.   EXECUTION IN COUNTERPARTS

This agreement may be executed in counterparts.  Facsimile signatures will be considered as valid signatures as of the date hereof.

///

20.   **EFFECT OF ORDER**

This Order is binding on all parties to this litigation and shall remain in full force and effect until modified, superseded or terminated by consent of the parties or by Order of Court.   This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the resolution of this litigation.

**IT IS SO STIPULATED.**

Dated:  April 23, 2013           FITZPATRICK & HUNT,
                                 TUCKER, COLLIER, PAGANO, AUBERT, LLP


                                 By:   ___/S/ James W. Hunt_____
                                       James W. Hunt, Esq.
                                       Darrell M. Padgette, Esq.
                                 Attorneys for Defendants
                                 UNITED TECHNOLOGIES
                                 CORPORATION, PRATT & WHITNEY
                                 ENGINE SERVICES, INC.


Dated:  April 23, 2013           REILY & JEFFREY


                                 By:   ___/S/ Janine K. Jeffrey_____
                                       James W. Hunt, Esq.
                                       Oren Rosenthal, Esq.
                                 Attorneys for Defendant
                                 DELTA AIR LINES, INC.

///
///
///
///
///

1  Dated:  April 23, 2013                LAW OFFICE OF DOUG GRIFFITH

2

3

4                                        By: _____/S/ Doug Griffith_____
5                                              Doug Griffith, Esq.
                                         Attorneys for Plaintiffs
6                                        KIMBERLY J. JONES and IVAN
7                                        QUILES

8

9

10     **IT IS SO ORDERED.**

11

12   Dated: _4/29/13_

13

14                                       _____
                                         The Honorable Patrick J. Walsh
15                                       United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED PROTECTIVE ORDER
CASE NO. CV12-10991-DMG(PJWx)

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY J. JONES, et. al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED TECHNOLOGIES<br>CORPORATION, et. al.,<br><br>　　　　　　Defendants. | Case No. CV12-10991-DMG(PJWx)<br><br>Judge: Dolly M. Gee<br><br>**[PROPOSED]PROTECTIVE ORDER** |

## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury that:

1. I reside at _____;

2. My present employer is _____;

3. My present business address is _____;

4. My present occupation or job description is _____;

5. I have been engaged as a _____ on behalf of _____ in the preparation and conduct of the above-captioned litigation.

6. I am fully familiar with and agree to comply with and be bound by the provisions of the Stipulated Protective Order (the "Order") and I attest to my understanding that access to information designated as "CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"] may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Order. I understand and

1  acknowledge that failure to comply with the Order could expose me to sanctions and
2  punishment in the nature of contempt.

3      7.    I understand that I am to retain all copies of any information designated
4  as "CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"] in a secure manner, and that
5  all copies are to remain in my personal custody until this action is terminated or until
6  I have completed my assigned duties, whichever occurs earlier, whereupon the copies
7  and any writings prepared by me containing any information designated as
8  "CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"] are to be destroyed or returned
9  to counsel who provided me with such material at the option of counsel.

10     8.    I will not divulge to persons other than those specifically authorized by
11  said Order, and will not copy or use except solely for the purpose of this action, any
12  information designated as "CONFIDENTIAL" ["HIGHLY CONFIDENTIAL"]
13  obtained pursuant to said Order, except as provided in said Order.  I also agree to
14  notify any stenographic or clerical personnel who are required to assist me of the
15  terms of said Order.

16     9.    I further agree to submit to the jurisdiction of the United States District
17  Court for the Central District of California, for the purpose of enforcing the terms of
18  the Order, even if such enforcement proceedings occur after this action is terminated.

19     10.   I declare under penalty of perjury under the laws of the State of
20  California and the United States of America that the foregoing is true and correct.

21
22  Executed on _____, 2013        _____
23                                     Signature:
24
25
26
27
28